[Civ. No. 3373. Second Appellate District, Division Two.—May 4, 1921.]

BIRD V. BEEBE, Respondent, v. S. KISTLER, Appellant.

[1] REAL ESTATE BROKER'S ACT—RECOVERY OF COMMISSION—PLEADING —LICENSED BROKER.—In an action to recover a broker's commission for a sale of real property, the complaint is defective where it fails to allege that the plaintiff was a duly licensed broker at the time his cause of action arose, as required by section 20 of the Real Estate Broker's Act (Stats. 1919, p. 1252).

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Reversed.

The facts are stated in the opinion of the court.

1. Failure of broker to procure license as affecting right to recover commissions, notes, 5 Ann. Cas. 897; Ann. Cas. 1912D, 378.

Constitutionality of statute or ordinance requiring real estate broker to procure a license, note, 8 A. L. R. 424.

H. V. Weisel for Appellant.

Tipton & Cailor for Respondent.

WORKS, J.—This is an action to recover a broker's commission for a sale of real property. Judgment went for plaintiff and the defendant appeals.

An act of the legislature passed in 1919 (Stats. 1919, p. 1252) created a state real estate department and provides for the issuance thereby of licenses to real estate brokers and real estate salesmen. Section 20 of the enactment denies to any broker or salesman the right to bring or maintain any action for the collection of commissions for sales of real property without alleging that he was duly licensed under the law at the time his cause of action arose. The statute has been held constitutional (*Riley* v. *Chambers,* 181 Cal. 589 [8 A. L. R. 418, 185 Pac. 855]).

[1] The agreement under which respondent claims to have earned his commission from appellant was made two months after the statute went into effect, but his amended complaint, upon which the action was tried, does not contain the allegation required by section 20. Appellant contends for a reversal of the judgment on the ground that the pleading is defective in that respect.

The judgment is reversed and, as it is apparent from his brief that respondent cannot truthfully aver the possession of the license required by the statute, the cause is remanded, with directions to the trial court to dismiss the action.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district, division two, is denied.

In denying the application, however, we wish to note that no claim appears to have been made in the case or in any of the briefs that the provision of the act creating a state real estate department and providing for the licensing of real estate brokers, etc. (Stats. 1919, p. 1252), relative

to the form of pleading in an action by a broker or sales-man for commissions and requiring him to allege in his claim that he was duly licensed, is invalid, in the light of the provision of our constitution prohibiting special legislation regulating the practice of courts of justice. We, therefore, have not considered this constitutional question.

All the Justices concurred.