Edward Groetzinger, Plaintiff, v. Forest Hills Terrace Corporation, Defendant.

Supreme Court, Westchester Special Term, May 10, 1924.

Constitutional law — Real Property Law, §§ 440-a and 442-e (added by Laws of 1922, chap. 672) providing for licensing of real estate brokers or salesmen and precluding maintenance of action for compensation for services unless complaint alleges existence of license constitutional and valid exercise of police power — principal and agent — complaint in action by real estate broker for compensation defective for failure to allege plaintiff was licensed as real estate broker or salesman on date when alleged cause of action arose.

Sections 440-a and 442-e of the Real Property Law (added by Laws of 1922, chap. 672) providing that no person shall engage in the business of a real estate broker or salesman who has not procured a license and precluding such a broker from maintaining an action for the recovery of compensation for services rendered in negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose are a valid exercise of the police power, and are not in conflict with the equal rights clause of the Fourteenth Amendment of the Federal Constitution because the statute is to an extent local in its application.

Accordingly, a complaint in an action for compensation for services rendered by the plaintiff, a real estate broker employed by the defendant to procure a loan on its real estate, will be dismissed on the ground that it does not state facts sufficient to constitute a cause of action where it does not allege that the plaintiff was duly licensed as a real estate broker or salesman on the date when the alleged cause of action arose.

Motion to dismiss complaint on ground that it does not state facts sufficient to constitute a cause of action.

*David Steinhardt*, for the plaintiff.

*James F. Lynch*, for the defendant.

TAYLOR, GEORGE H., JR., J.    In my opinion the complaint on its face is not open to the objection that the plaintiff, an individual asserting a claim for damages for breach of contract, has not legal capacity to sue thereon.    However, in the complaint, which is drawn with skill and ingenuity, and apparently to meet a situation, the pleader attempts, in so many words, to allege a cause of action for damages for breach of a contract by which, in the last analysis, the defendant, in the city of New York, employed plaintiff (and before him his predecessor in the contract) exclusively for a limited time, as a broker to procure a loan upon defendant's real estate — that is what is really claimed by the plaintiff.    Such an employment may now be legally entered upon only by a broker who has procured the license prescribed by the statute (Real Prop. Law, § 440a, added by Laws of 1922, chap. 672); and such a broker cannot bring or maintain an action " for the recovery of compensation for services rendered * * * in * * * negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose."    Id. § 442(e).    No such license is alleged.    Violation of these statutory provisions is declared to be a misdemeanor.    Id. § 442(f).    While the complaint may be said not to seek strictly a " recovery of compensation for services rendered," I think the cause of action attempted to be set out comes fairly within the purview of the statute.    Defendant claims that the statutory provisions referred to violate the fundamental law.    Careful study, however, has led me to the conclusion that they are constitutional.    This is clear from the trend of impressive authority on the subject of legislative regulation of occupations, including that of relator, under the police power.    Examine *inter alia, Hall* v. *Geiger-Jones Co.,* 242 U. S. 539; *Merrick* v. *Halsey & Co.,* Id. 568; *German Alliance Ins. Co.* v. *Lewis,* 233 id. 389; *Engel* v. *O'Malley,* 219 id. 128; *Braun* v. *City of Chicago,* 110 Ill. 186; *Johnson* v. *Hulings,* 103 Penn. St. 74; *Little Rock* v. *Barton,* 33 Ark. 436; *Banta* v. *City of Chicago,* 172 Ill. 204; *Riley* v. *Chambers,* 181 Cal. 589.    In a number of the states of the Union the law-making bodies have the conception that the business in which the plaintiff engaged requires governmental regulation; this conception from the authorities seems to be quite general; therefore, the conception is not accidental and cannot exist without cause.    *German Alliance Ins. Co.* v. *Lewis, supra.*    In the case just cited it is held that certain previous judicial rulings demonstrate that a business by circumstances and its nature may arise from private to public concern and consequently become subject to governmental regulation.    *German*

*Alliance Ins. Co.* v. *Lewis, supra,* citing *Munn* v. *Illinois,* 94 U. S. 113; *Budd* v. *New York,* 143 id. 517; *Brass* v. *North Dakota,* 153 id. 391. What makes for the general welfare is a matter of legislative judgment and judicial review is limited to power and excludes policy. *German Alliance Ins. Co.* v. *Lewis, supra.* I hold that the business of real estate broker or salesman (Real Prop. Law, § 440-a), in which, under the allegations of the complaint, the plaintiff engaged at least temporarily, is the proper subject of legislative regulation. See *Riley* v. *Chambers, supra.* That the statute is to an extent local in its application does not vitiate it because of conflict with the equal rights clause of the Fourteenth Amendment of the Federal Constitution. *People ex rel. Armstrong* v. *Warden,* 183 N. Y. 223, 225, and cases there cited. In one recent case in the United States Supreme Court, relating to the statute of Tennessee, statewide in its application, the right of the state to regulate the business of real estate broker and to require licenses, appears to have been assumed by the court and conceded by counsel; the statute was attacked only on another point, but was sustained. *Bratton* v. *Chandler,* 260 U. S. 110.

The complaint does not state facts sufficient to constitute a cause of action in that it does not set forth that plaintiff was licensed as a real estate broker or salesman under the statute. The motion to dismiss on that ground only is granted, with costs and ten dollars costs of the motion. Settle order on notice.

Ordered accordingly; judgment accordingly.