## WHIDDETT *v.* MACK

### No. 2729

July 19, 1927.                    258 P. 233.

1. STATUTES—STATUTE REGARDING PLEADING POSSESSION OF BROK-
ER'S LICENSE HELD NOT UNCONSTITUTIONAL, AS AMENDING CIVIL
PRACTICE ACT WITHOUT SO DESIGNATING IN TITLE.

Stats. 1923, c. 139, sec. 13, providing that no action for
broker's compensation can be maintained without alleging and
proving that broker possessed license, *held* not unconstitu-
tional, as amending civil practice act, sec. 96, par. 2 (Rev.
Laws, 5038), requiring in complaint "a statement of facts
constituting cause of action in ordinary and concise language,"
without so designating in title of act, as provided by Const.
art. 4, sec. 17, since provision of civil practice act is not
affected.

2. BROKERS—PLEADING, LICENSE.

In suit by broker for real estate commission, failure to allege
that he possessed license, as required by Stats. 1923, c. 139,
sec. 13, was not waived by failure to interpose special demur-
rer on that ground, in view of fact that effect of entire act, as
shown by sections 1, 2, and 12, plainly prevents making of con-
tracts for selling real estate for others by unlicensed individ-
uals.

3. BROKERS—PLEADING, LICENSE.

In suit for broker's commission for sale of real estate, com-
plaint showing on its face that plaintiff performed acts of
broker or salesman, within meaning of Stats. 1923, c. 139, sec.
2, which did not allege that plaintiff possessed a license, as
required by section 13, did not state facts sufficient to constitute
a cause of action.

### C. J.–CYC. REFERENCES

BROKERS—9 C. J. sec. 110, p. 636, n. 43.
PLEADING—31 Cyc. p. 729, n. 54.
STATUTES—36 Cyc. p. 1029, n. 29.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran,* Judge.

Action by Glen H. Whiddett against C. E. Mack and
wife. From a judgment for plaintiff, and from an order
denying a new trial, defendants appeal. **Reversed, with
directions.**

*Mack & Green,* for Appellants:

Complaint to recover broker's commission must allege
broker was duly licensed. Stats. 1923, 239, 249; Beebe
v. Kistler, 199 P. 537.

(Other points raised in brief not considered in opinion.)

*Barry & Barry,* for Respondent:

Section 13 of Stats. 1923, 239, is unconstitutional, being in violation of sec. 17 of art. 4 of constitution concerning titles of acts. The statute attempts to amend civil practice act, sec. 96, Rev. Laws, 5038, yet in no way refers to it.

Section 13 does not affect plaintiff's cause of action; it affects his capacity to sue or it is matter in abatement. 30 Cyc. 96, 97.

In Acme Mer. Agency v. Rochford, 66 A. S. R. 714, it is held that where foreign corporation is prohibited from maintaining action unless it complies with provisions of statutes, it need not allege such compliance in complaint, thereby holding such statement does not constitute any part of plaintiff's cause of action. If defendant relies upon it, he must plead it in his answer.

If act is broader than its title and subjects not covered by title are so intimately connected with one indicated that portion of act relating to them cannot be rejected and leave complete act capable of being executed, entire act must be held invalid. If act contains more than one subject and only one subject is expressed in title whole act is nullity. 25 R. C. L. 840, 866; Drury v. Hallock, 19 Nev. 384; State v. Hoadley, 20 Nev. 317.

That plaintiff has not capacity to sue is ground of demurrer. Rev. Laws, 6040.

If no such objection is taken either by demurrer or answer, defendant shall be deemed to have waived same. Civ. Pr. Act, sec. 103.

If matters contained in sec. 13 of real estate act are matters in abatement, then there is no call for plaintiff making any reference thereto in complaint; such matters can be raised only by defendant in his answer, and, having failed to raise them, he has waived that defense. South Yuba W. & M. Co. v. Rosa, 80 Cal. 333; Alaska Salmon Co. v. Standard Box Co., 158 Cal. 567.

Section 13 is unconstitutional also because unintelligible and impossible of compliance. It provides broker

cannot maintain action without alleging and proving he was duly licensed.

Act is precisely similar to those requiring partnership to file certificate, or persons doing business under fictitious name to file certificate, or foreign corporation to file copy of articles. Such provisions have been held universally to constitute matters in abatement or as going to capacity to sue. Failure does not affect jurisdiction or plaintiff's cause of action or defendant's defense. Cal. S. & L. Association v. Harris, 111 Cal. 133; Phillips v. Coldtree, 74 Cal. 152.

Such failure should.have been set up in answer, else it is waived. Ontario State Bank v. Tibbitts, 80 Cal. 68; Amundson v. Shaffer, 36 Cal. App. 398; Laborry v. Orphan Asylum, 97 Cal. 270.

Act also violated sec. 20 of art. 3 of constitution against local or special laws regulating practice.in courts.

## OPINION

By the Court, DUCKER, J.:

Action for the recovery of a commission for the sale of real estate. For convenience the parties will be referred to as they were designated in the court below. The case was tried by the court, which found that the defendant Mrs. C. E. Mack was the owner of the property, and that defendant C. E. Mack, representing himself as her agent, employed the plaintiff to secure a purchaser for said property and agreed to give him as his commission for making such sale the sum of $1,000. Judgment was given plaintiff for the sum of $500 as his balance due of said commission. The defendants appealed from the judgment and the order denying their application for a new trial.

The first error complained of is the order of the court overruling defendant's demurrers to the amended complaint. It is contended that the amended complaint shows upon its face that the court was without jurisdiction of the persons of the defendants or the subject of the action and does not state facts sufficient to constitute a cause of action. The alleged defects of the

amended complaint in these respects are based upon the claim that it shows that plaintiff is a real estate broker within the meaning of an act to define, regulate, and license real estate brokers and real estate salesmen, to create a state real estate board, and to provide a penalty for a violation of its provisions, approved March 10, 1923, and fails to allege that he was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose as required by section 13 of said act.

The first paragraph of section 1 of the act provides as follows:

"It shall be unlawful on and after July 1, 1923, for any person, copartnership, association or corporation to act as a real estate broker or real estate salesman, or to advertise or assume to act as such real estate broker or real estate salesman without a license issued by the real estate board."

The first three paragraphs of section 2 of the act provides as follows:

"A real estate broker within the meaning of this act is any person, firm, partnership, copartnership, association or corporation who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or options thereon, or who leases or offers to lease, or rents or offers to rent, any real estate or the improvements thereon for others, as a whole or partial vocation.

"A real estate salesman within the meaning of this act is any person who for compensation or valuable consideration is employed either directly or indirectly by a real estate broker to sell or offer to sell, or to buy or offer to buy, or to negotiate the purchase or sale or exchange of real estate, or options thereon, or to lease, to rent or offer for rent any real estate, or to negotiate leases thereof; or of the improvements thereon, as a whole or partial vocation.

"One act for a compensation or valuable consideration of buying or selling real estate of or for another, or

offering for another to buy or sell, or exchange real estate, or options thereon, or leasing, or renting, or offering to rent real estate, except as herein specifically excepted, shall constitute the person, firm, partnership, copartnership, association or corporation performing, offering, or attempting to perform any of the acts enumerated herein, a real estate broker or a real estate salesman within the meaning of this act."

Section 3 of the act provides for the creation of the real estate board mentioned in section 1.

Section 12 of the act provides as follows:

"Any person or corporation violating a provision of this act shall upon conviction thereof, if a person, be punished by a fine of not more than one thousand ($1,000) dollars, or by imprisonment in the county jail for a term not to exceed one year, or by both such fine and imprisonment, in the discretion of the court and if a corporation, be punished by a fine of not more than two thousand five hundred ($2,500) dollars. Any officer or agent of a corporation, or member or agent of a copartnership or association, who shall personally participate in or be accessory to any violation of this act by such copartnership, association or corporation, shall be subject to the penalties herein prescribed for individuals.

"Nothing herein contained shall be construed to release any person, corporation, association, or copartnership from civil liability or criminal prosecution under the general laws of this state.

"The board, or any member thereof, may prefer a complaint for violation of section one of this act before any court of competent jurisdiction, and it may take the necessary legal steps through the proper legal officers of this state to enforce the provisions hereof."

Section 13 of the act provides as follows:

"No person, copartnership, association or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this state shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in section two of

this act without alleging and proving that such person, copartnership, association or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose." Stats. 1923, p. 238 et seq., c. 139.

1. The amended complaint shows upon its face that plaintiff was acting in the capacity of a real estate broker or real estate salesman within the meaning of the law when he performed the acts for which he seeks to recover a commission, and fails to allege that he was duly licensed as such as required by said section 13. It is insisted by counsel for respondent that this section of the act is unconstitutional, in that it violates that certain provision of the constitution which provides that:

"Each law enacted by the legislature shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be revised, or amended by reference to its title only; but, in such case, the act as revised, or section as amended, shall be reenacted and published at length." Section 17, art. 4, of the Constitution of Nevada.

It is urged that the section amends paragraph 2 of section 96 of the civil practice act (Rev. Laws, 5038) which requires in the complaint "a statement of the facts constituting the cause of action, in ordinary and concise language," and that no such designation is made in the title of the real estate act. The contention is without merit. The section of the practice act is not affected at all. Certainly the legislature has plenary power acting within constitutional rights to prescribe what acts shall constitute a cause of action on any given subject. The act is legislation on a certain subject which is briefly expressed in the title. Section 13 merely makes the possession of a proper license an essential element of the cause of action. There are a number of similar acts of the legislature and they are not deemed inimical to the constitutional provision.

2. It is also contended by plaintiff that said section only affects plaintiff's capacity to sue, and was waived because no special demurrer was interposed on that

ground. We are unable to agree with this view. The act makes the business of acting in the capacity of a real estate broker or real estate salesman without a license duly issued by the real estate board created by it unlawful. It is true that section 13 imposes upon the person, copartnership, association, or corporation so acting the legal incapacity to sue. But a personal disability in this respect is not the only penalty attached to the act. A violation of the provisions requiring a license before acting in such capacity is made a gross misdemeanor. The purpose of the act is to restrict the vocation of acting as a real estate broker or real estate salesman to persons bearing a good reputation for honesty, truthfulness, fair dealing, and competency. See Stats. 1923, p. 241; Riley v. Chambers, 181 Cal. 589, 185 P. 855, 8 A. L. R. 418.

In the case cited a similar act was held to be proper exercise of the police powers resident in the legislature. In Beebe v. Kistler, 52 Cal. App. 494, 199 P. 537, an action in which the complaint failed to allege that plaintiff was duly licensed under the law at the time his cause of action arose was reversed on this ground and the action dismissed.

In Firpo v. Murphy, 72 Cal. App. 249, 236 P. 968, it was held that the statute was one designated for the protection of the public and that a contract made in violation of its provisions was void.

In Groetzinger v. Forest Hills Terrace Corporation, 123 Misc. Rep. 274, 205 N. Y. S. 125, it was held that the business of real estate broker or salesman was a proper subject for legislative regulation, and that a complaint which failed to state that the plaintiff was licensed as a real estate broker or salesman did not state facts sufficient to constitute a cause of action and deprived him of the legal capacity to sue.

As stated by Mr. Clark in his work on Contracts (3d ed.), p. 325:

"There are numerous statutes in all states, enacted for the purpose of protecting the public in dealing with certain classes of trades or professional men, and with certain articles of commerce. Protection to the public

is generally the object of these statutes, and they are construed as prohibiting contracts entered into without having complied with the prescribed conditions."

The act under consideration clearly falls within this class of statutes. It operates upon the business, as well as the person, of the one attempting to act as a real estate broker or salesman without having qualified as required by the act. It may be admitted that section 13 affects plaintiff's capacity to sue, but the effect of the entire act plainly prevents the making of contracts for the selling, offering to sell, or offering to buy, negotiating the purchase or sale or exchange of real estate, or options thereon, or leasing or offering to lease, or renting or offering to rent, any real estate or the improvements thereon for others, as a whole or partial vocation, by unlicensed individuals. This obvious purpose would be defeated if in the face of the mandatory provisions of section 13 it were held that the failure to procure a proper license was a matter of defense, and, if not raised by special demurrer, or plea, was waived. The authorities cited by counsel for plaintiff are not in point nor analogous. They consist mostly of cases which deal with statutes in which the penalty prescribed is a disability to sue until the statute is complied with. The penalties imposed are for revenue or administrative purposes and the statutes do not go, as does the one under consideration, to the lawfulness of business transacted.

3. The case of Shaffer v. Beinhorn, 190 Cal. 569, 213 P. 960, relied on by counsel, is not in point. In that case the court merely held that the complaint did not show on its face that the plaintiff was engaged in the business of acting in the capacity of a real estate broker or real estate salesman within the meaning of the statute. A different situation is presented here. The amended complaint alleges that the defendant C. E. Mack, representing himself as the agent of the defendant Mrs. C. E. Mack, employed plaintiff to secure a purchaser for said property, and agreed to give him, as his commission for making such sale, the sum of $1,000; that plaintiff made

the sale; that there is now owing and payable from said defendants, on account of the commission for making the sale, the sum of $500—clearly the acts of a broker or salesman within the meaning of section 2 of the act. For the reasons given we are of the opinion that the amended complaint does not state facts sufficient to constitute a cause of action, and that the demurrers thereto should have been sustained.

Counsel for defendants insist that, as plaintiff failed to allege or prove a license, the action should be dismissed; but, as counsel for plaintiff asserts that plaintiff was duly licensed under the law at the time of the transaction involved and can amend his complaint to meet the objection, we think this course is in keeping with the justice of the case. The demurrers were submitted without argument and the point was not called to the attention of the trial court. If it had been, the demurrers would doubtless have been sustained with leave to amend to meet the objection.

The judgment is reversed, and the lower court is directed to permit plaintiff to amend his complaint for a retrial of the case.

It is so ordered.