[Civ. No. 5121. Second Appellate District, Division One.—March 6, 1928.]

MAX GITTELSON, Respondent, v. JOSEPHINE E. GANDOLFO, Appellant.

H. A. Massey and Peyton H. Moore for Appellant.

Shapiro & Shapiro for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff filed this action to recover fees claimed to have been earned in the negotiation of the sale of defendant's real estate. He alleges in his complaint "that the defendant employed the plaintiff herein as her agent to negotiate a sale or secure a purchaser for the premises . . . described as lot 8, block 52, etc." Then follow the allegations customary in actions of this kind prior to the enactment of the Real Estate Broker's Act of 1919. In the answer defendant denies these allegations and in addition thereto sets forth that she was induced to sign the contract with plaintiff by duress. There is no allegation in the complaint that plaintiff was "a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose"; nor is there any reference to this matter in the answer. The trial court found in favor

of plaintiff on all the issues set up in the pleadings, and the findings, like the pleadings, are silent on the question of plaintiff's license. Judgment having been rendered in favor of plaintiff, the defendant presented a motion to vacate the judgment, to amend the conclusions of law so as to provide that defendant is entitled to judgment, and to enter judgment in favor of defendant. This motion was denied and defendant appeals from the order of denial.

The legislature in 1919 enacted the Real Estate Broker's Act (Stats. 1919, p. 1252), of which section 20 is as follows: "No person, copartnership or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in section two hereof, without alleging and proving that such person, copartnership or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose." Section 2 contains this provision: "One act, for a compensation, of buying or selling real estate of or for another, or offering for another to buy or sell or exchange real estate, or negotiating a loan on or leasing or renting or placing for rent real estate, or collecting rent therefrom shall constitute the person, copartnership or corporation making such offer, sale or purchase, exchange or lease, or negotiating said loan, or so renting or placing for rent or collecting said rent a real estate broker within the meaning of this act."

It is disclosed by the complaint and the findings that the cause of action arose in January, 1923, long after the passage of the law just mentioned. The act has been held constitutional by the supreme court. (*Riley* v. *Chambers*, 181 Cal. 589 [8 A. L. R. 418, 185 Pac. 855]; *Haas* v. *Greenwald*, 196 Cal. 236, 245 [237 Pac. 38].) The language of section 20 is clear and does not require interpretation. Plaintiff cannot "bring or maintain" the action without alleging he had the proper license. Since the record discloses that he did not make this necessary allegation, judgment should be for the defendant. (*Beebe* v. *Kistler*, 52 Cal. App. 494 [199 Pac. 537].)

The order appealed from is reversed, with instructions to the lower court to grant defendant's motion.

Conrey, P. J., and Houser, J., concurred.