[Civ. No. 6606. First Appellate District, Division One.—January 23, 1930.]

M. CHRISTMAN, Respondent, v. GUARANTY MORTGAGE COMPANY OF CALIFORNIA (a Corporation), Appellant.

Donald Scott and Rudolph J. Scholz for Appellant.

Rothchild & Golden for Respondent.

THE COURT.—This action was brought to recover on a promissory note executed by defendant corporation to one Baltor and by him assigned to the plaintiff. As a defense to the action defendant alleged that the amount of the note was the compensation which it agreed to pay Baltor, a real estate broker, for his services in an exchange of certain real estate; that the complaint failed to allege that Baltor was a duly licensed broker at the time the cause of action arose, and consequently, under the provisions of section 20 of the Real Estate Brokers' Act (Stats. 1919, p. 1252), the action could not be maintained.

The case was tried, and the proofs show that Baltor, for an agreed commission represented by the note, and pursuant to a written authorization, exchanged certain real estate owned by defendant, and also, that when the exchange was made and the cause of action arose he was a duly licensed real estate broker. The court found accordingly and a judgment was entered for the plaintiff, from which the defendant has appealed.

In an action to recover compensation for the sale or exchange of real estate a complaint which fails to allege that

the person acting as a broker in the transaction was duly licensed as prescribed by section 20 of the act is defective (*Beebe* v. *Kistler*, 52 Cal. App. 494 [199 Pac. 537] ; *Wise* v. *Radis*, 74 Cal. App. 765 [242 Pac. 90]). ▇ Where, however, as was the case here, the fact which the complaint failed to allege was a matter of public record, was proved without objection at the trial, and it is manifest that the defendant was not misled by the defective pleading, the case is within the constitutional inhibition that no judgment shall be set aside for any error as to any matter of pleading unless, after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of resulted in a miscarriage of justice (*Baker* v. *Miller*, 190 Cal. 263 [212 Pac. 11]). The evidence shows beyond dispute all the facts necessary to entitle the plaintiff to recover, and the defect complained of furnishes no ground for the conclusion that the result was a miscarriage of justice.

The judgment is affirmed.