HILDA M. BUSS, APPELLANT, v. CONSOLIDATED CASINOS CORPORATION, A NEVADA CORPORATION, DBA THE MINT, RESPONDENT.

No. 5083

October 5, 1966        418 P.2d 815

*Jerry C. Lane*, of Eureka, for Appellant.

*Boyd and Leavitt* and *William E. Freedman*, of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Hilda Buss filed suit against The Mint to collect a grand prize of $2,400. She claims to have held the winning ticket and charges the defendant with destroying it and awarding the prize to another. A summary judgment was entered for the defendant casino. This appeal by the claimant followed. We reverse.

The defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. The

lower court treated that motion as one for summary judgment. This is permissible if "matters outside the pleading are presented to and not excluded by the court." NRCP 12(b). The difficulty in this case is that the record fails to show that "matters outside the pleading" were offered in any acceptable fashion. Affidavits, depositions, answers to interrogatories, were not presented in support of the motion. See NRCP 56(e). Attached to the motion was a copy of the rules and regulations governing drawings for the grand prize and an advertisement. Neither was authenticated. In this context the lower court was not authorized to treat the Rule 12(b)(5) motion as a motion for summary judgment under Rule 56.[1] The court's error resulted in its failure to rule upon the legal sufficiency of the complaint. We have studied that pleading and conclude that it is sufficient to defeat a Rule 12(b)(5) motion to dismiss. We therefore reverse the judgment, with direction that the defendant assert its defenses by a responsive pleading.

---

[1] A prior motion to dismiss under Rule 12(b)(5) had been presented. That motion was supported by a fact affidavit and opposed by a counter affidavit. The court treated that motion as one for summary judgment and denied it because an issue of material fact remained for trial.