ISLANDIA, INC., A NEVADA CORPORATION, APPELLANT, v. LAURI MARECHEK, RESPONDENT.

No. 5084
November 15, 1966                          420 P.2d 5

*Jones, Wiener & Jones,* of Las Vegas, for Appellant.

*Stanley W. Pierce,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

Appellant contends on this appeal that the lower court erred in granting the respondent's motion for summary judgment. We agree.

The appellant and Bruce T. Little had entered into an "AGREEMENT" which recited: "For services rendered the undersigned agree to pay to the order of BRUCE T. LITTLE the sum of $5,916.67 as Power of Attorney for the sole and singular purpose of locating and negotiating for the purchase of the 71 acres of property more fully described as:

> "Portion of the North One-Half (N½) of the Northeast Quarter (NE¼) of Section 29, Township 20 South, Range 61 East, M.D.B. & M.

> "Islandia Inc.

> "Alvin J. Vitek."

On June 4, 1965 an action for the $5,916.67 was commenced by the respondent (Marechek) as Little's assignee alleging that Little had performed services for Islandia pursuant to the agreement for which payment had not been received. The complaint did not allege the nature of the services nor did it allege whether or not Little was a licensed real estate broker or agent. This omission was not raised by the initial answer.

Four months later plaintiff moved for summary judgment. His motion was supported by Little's affidavit that he had found the land, introduced Vitek (Islandia's representative) to one Ford, a real estate broker, and that a deal was later consummated. The "agreement" was attached to this affidavit.

No counter affidavits were filed by the defendant and a summary judgment was granted. The judgment was later set aside on defendant's request for a rehearing. Thereafter, defendant presented an affidavit from the Nevada Real Estate Division to the effect that Little was not a licensed broker or salesman at the time the services were rendered as required by NRS 645.030(a), 645.260, 645.270.[1] A motion was also made at this time to amend the answer to affirmatively allege respondent's failure to set forth Little's licensing status, and, among others, that the complaint failed to state a claim upon which relief could be granted.

On January 21, 1966 another hearing was held at which the trial court denied the motion to amend and again entered summary judgment for the respondent. Islandia appeals from that order.

---

[1]NRS 645.030(a). "Who for another and for a compensation, or who with the intention or expectation of receiving a compensation, sells, exchanges, options, purchases, rents, or leases, or negotiates or offers, attempts or agrees to negotiate the sale, exchange, option, purchase, rental, or lease of, or lists or solicits prospective purchasers of, or collects or offers, attempts or agrees to collect rental for the use of, any real estate or the improvements thereon; * * *"

NRS 645.260. "*One act constituting a person a real estate broker or real estate salesman.* Any person, copartnership, association or corporation who, for another, in consideration of compensation by fee, commission, salary or otherwise, or with the intention or expectation of receiving compensation, does, offers or attempts or agrees to do, engages in, or offers or attempts or

Unlike the Statute of Frauds (Coray v. Hom, 80 Nev. 39, 389 P.2d 76 (1964), requirements of the real estate licensing statutes cannot be waived. The public interest in realty transactions requires pleading and proof that those who come within the statute have licenses, without which, the right to recover for services rendered does not exist. Whiddett v. Mack, 50 Nev. 289, 258 P. 233 (1937).

1. When the plaintiff's motion for summary judgment was reheard, the record before the court showed: First, that Bruce T. Little (plaintiff's assignor) performed services for the defendant which services may have placed Little within the intendment of NRS 645.-030(2) reading: "Any person * * * who, for another and for a compensation, aids, assists, solicits or negotiates the procurement, sale, purchase, rental or lease of public lands shall be deemed to be a real estate broker within the meaning of this chapter"; and Second, that Bruce T. Little was not licensed as a broker when he performed services for the defendant. If, in fact, Little's services were such as to bring him within the Real Estate Act, he could not prevail, for he was not a licensed broker. Whiddett v. Mack, supra. On the other hand, if the services are not within the act, a broker's license was not required. The nature of Little's services was not presented in sufficient detail to allow the court

---

agrees to engage in, either directly or indirectly, any single act or transaction contained in the definition of a real estate broker in NRS 645.030, whether the act be an incidental part of a transaction, or the entire transaction, shall constitute such person, copartnership, association or corporation a real estate broker or real estate salesman within the meaning of this chapter."

NRS 645.270. *"Allegation and proof of licensed status in action for compensation.* No person, copartnership, association or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this state shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in NRS 645.030 without alleging and proving that such person, copartnership, association or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose."

to decide that factual issue—the key issue in the case. The cause, therefore, must be remanded for trial as a genuine issue of material fact remains. Magill v. Lewis, 74 Nev. 381, 333 P.2d 717 (1958); Dredge Corp. v. Husite Co., 78 Nev. 69, 369 P.2d 676 (1962); McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963); Buss v. Consolidated Casinos Corp., 82 Nev. 355, 418 P.2d 815 (1966).

Our determination on this question controls the course of the entire proceeding. It becomes unnecessary to review the trial court's refusal to allow an amended answer.

Reversed.

THOMPSON and COLLINS, JJ., concur.