ROBERT A. BEGGS, APPELLANT, *v.*
STANLEY LOWE, RESPONDENT.

No. 6459

December 10, 1973                    516 P.2d 467

*Paul L. Larsen,* of Las Vegas, for Appellant.

*John G. Spann,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

By this action the plaintiff seeks to enforce a written agreement with the defendant by which they were equally to share a real estate broker's commission or, alternatively, to be compensated by the defendant on a quantum meruit basis. The district court denied any relief to the plaintiff and he has appealed.

The plaintiff, Robert Beggs, is a real estate broker licensed as such by the State of California. He is not licensed to act in

that capacity in the State of Nevada, nor did he secure a certificate of cooperation authorizing him to cooperate with the defendant, Stanley Lowe, a licensed Nevada broker, with regard to the transaction in issue. The record may be read to show that before Beggs rendered services, Lowe told Beggs he believed such a certificate was necessary, but that Beggs failed to secure the same. Services were rendered by each of them and a broker's commission was paid to Lowe who thereafter refused to share it with Beggs as required by their agreement.[1] This litigation ensued.

1. One may not act as a real estate broker in this State without first obtaining a license, NRS 645.230, nor may he commence any action in the courts of this State for the collection of compensation without alleging and proving that he was a duly licensed broker at the time his cause of action arose, NRS 645.270; Whiddett v. Mack, 50 Nev. 289, 297, 258 P. 233 (1927); dictum, Davis v. Jouganatos, 81 Nev. 333, 338, 402 P.2d 985 (1965); dictum, Islandia, Inc. v. Marechek, 82 Nev. 424, 427, 420 P.2d 5 (1966). The statutory commands aid the supervision and control of brokers and salesmen to the benefit of the public welfare.

Notwithstanding the cited statutes and cases, it is the appellant's contention that NRS 645.280 authorizes the payment of compensation to him. That statute provides that it is unlawful for a licensed broker to pay a part of his commission to any person who is not licensed, but that he may pay a commission to a licensed broker of another state.

Although NRS 645.280 may be read to authorize the voluntary payment of a commission to a licensed broker of another state, it does not grant to such out-of-state licensed broker the right to resort to the courts of Nevada to collect money allegedly owing him. NRS 645.605 allows the real estate administrator to issue a certificate of cooperation to an out-of-state licensed broker. That statute when read in conjunction with NRS 645.230 and NRS 645.270 heretofore mentioned, precludes access to the courts of Nevada to collect compensation unless the complainant alleges and proves that he was a duly licensed Nevada broker at the time his cause of action arose, or that he had been issued a certificate of cooperation

---

[1]The agreement was made in Nevada, concerned a leasehold in Nevada, and the brokers' services, in the main, were performed here. Although the appellant suggests that California law should apply, we perceive no basis for doing so. Cf. Davis v. Jouganatos, 81 Nev. 333, 339, 402 P.2d 985 (1965).

to cooperate with a Nevada broker with regard to the transaction in issue. Since Robert Beggs, the plaintiff-appellant, is unable to satisfy either pre-condition to suit, he may not enforce his commission sharing agreement in the courts of this State.

2. We need not decide whether a quantum meruit recovery ever may be allowed to an out-of-state broker who has failed to secure a certificate of cooperation. Cf. Bangle v. Holland Realty Inv. Co., 80 Nev. 331, 336, 393 P.2d 138 (1964). Preclusive statutes similar to NRS 645.230 and 645.270 have been held not to bar quantum meruit relief to an out-of-state contractor if deceit and fraud is alleged and established. Magill v. Lewis, 74 Nev. 381, 333 P.2d 717 (1958). Such allegation and proof is absent in the case before us. Indeed, since Lowe advised Beggs that he would need to obtain a certificate of cooperation it cannot reasonably be asserted that Beggs had reason to believe that he would be paid without obtaining such certificate.

Affirmed.

Mowbray, Gunderson, Batjer, and Zenoff, JJ., concur.