CITY OF LAS VEGAS, NEVADA, a Municipal Corporation, ORAN K. GRAGSON, Mayor, WESLEY G. HOWERY, JAMES COREY, HANK THORNLEY and DR. ALEXANDER COBLENTZ, Board of Commissioners, Appellants and Cross–Respondents, *v.* C. D. WILLIAMS, Respondent and Cross–Appellant.

No. 8373

March 10, 1977                    560 P.2d 922

138

[Rehearing denied June 8, 1977]

*Carl E. Lovell, Jr.,* City Attorney, and *Richard C. Maurer,* Deputy City Attorney, Las Vegas, for Appellants and Cross-Respondents.

*William R. Devlin,* Las Vegas, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

At a special meeting and without first complying with numerous procedural requirements set forth in the Las Vegas City Charter, the Board of City Commissioners approved the city manager's demotion of C. D. Williams from Fire Chief to Assistant Fire Chief. Subsequently, at a regularly scheduled Board meeting, Williams presented a claim for the pay differential occasioned by his demotion, premised on the contention that such demotion was improper. The Board unanimously denied his first claim, and Williams subsequently presented additional claims for wage differentials accruing thereafter. Ultimately, he filed suit seeking reinstatement as Fire Chief, and the total differential between wages actually received and those allegedly due him as Chief.

On motion for summary judgment the trial judge awarded Williams judgment for the total pay differential, but denied reinstatement because, as the judge concluded, ". . . to do so would be a useless act and could only lead to unnecessary

further proceedings. . . ." The City has appealed from the portion of the summary judgment granting the pay differential, and Williams has cross-appealed from that portion denying reinstatement.

Here, one central factual issue is whether the Board intended to confirm and ratify Williams' demotion, when it denied his first claim for wages ostensibly remaining due him as Chief. A motion for summary judgment should not be granted unless there is no genuine issue as to any material fact in the case. See: Ottenheimer v. Real Estate Division, 91 Nev. 338, 535 P.2d 1284 (1975); Old West Enterprises v. Reno Escrow Co., 86 Nev. 727, 476 P.2d 1 (1970); Islandia, Inc. v. Marechek, 82 Nev. 424, 420 P.2d 5 (1966). Here, it appears that such a dispute exists regarding the compliance or non-compliance with the ratification requirements for demotion set forth in Las Vegas City Charter Ch. III, § 16½ (1968). Thus, we reverse and remand with instructions to the district court to resolve the factual dispute surrounding the ratification of Williams' demotion.[1]

---

[1]In view of our disposition of this appeal we need not, at this juncture, consider the cross-appeal.