An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RUSSELL L. NYPE AND REVENUE
PLUS, LLC,
Appellants,
vs.
LAS VEGAS LAND PARTNERS, LLC;
LIVEWORK, LLC; AND ZOE
PROPERTIES, LLC,
Respondents.

No. 59940

**FILED**

SEP 2 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

Appeal from a district court order granting summary judgment. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Russell Nype worked on behalf of Las Vegas Land Partners (LVLP) to secure a partner, Forest City, that could provide equity for a development project. The transaction between LVLP and Forest City eventually changed from a partnership to a land sale contract. LVLP refused to pay Nype his commission, claiming payment was statutorily barred by NRS 645.270 because Nype is not licensed as a Nevada realtor. The district court granted summary judgment in favor of LVLP because Nype was not a licensed realtor, and his work resulted in the sale of real property. Summary judgment is only appropriate where there is no genuine issue of material fact, and NRS 645.270 applies only to those whose actions fall within NRS 645.030's definition of real estate broker. Because there remain questions of material fact regarding whether Nype meets that definition and has a legitimate claim to compensation, summary judgment was inappropriate.

13-28782

As the parties are well aware of the facts, we merely summarize them here. LVLP owned five blocks of land in downtown Las Vegas that it wished to develop. It hired Nype to help find an investor that would fund the project. Through one of Nype's contacts, LVLP was introduced to Forest City. LVLP appears to have worked with Nype in brokering a deal with Forest City, and may have promised him compensation for this work although it does not appear they formally contracted with him concerning the Forest City deal.

LVLP and Forest City negotiated a partnership, but Forest City initially backed out. Nype worked with Forest City to get them to reconsider, and Forest City entered into a letter of intent to form a limited-liability company (LLC) with LVLP. However, Forest City let that agreement lapse, and the partnership fell through. A few months later, however, Forest City contacted LVLP and indicated it would be interested in restructuring the transaction as a land sale contract. The parties thereafter contracted to sell a tenancy-in-common interest in the land to Forest City. Nype may not have been aware of the sale contract, as it appears LVLP began excluding Nype from its correspondences with Forest City during this time.

LVLP, Nype, and other interested parties litigated the case in New York and Nevada. When discovery in the Nevada case moved forward, LVLP petitioned for summary judgment. The district court granted the motion because the final agreement was a land sale contract, and it found NRS 642.270 bars unlicensed person from collecting compensation for work done in the capacity of a real estate broker. The order relied on *Islandia, Inc. v. Marechek*, 82 Nev. 424, 427-28, 420 P.2d 5, 6 (1966), and *Loomis v. Lange Financial Corp.*, 109 Nev. 1121, 1127-28,

865 P.2d 1161, 1165 (1993), in finding that Nype acted as a broker by bringing the parties together and later claiming a commission on the resulting land sale. The district court did not explain which of Nype's acts met the statutory definition of real estate broker, assuming that Nype was necessarily covered by the statute because the ultimate transaction was a land sale contract.

This court reviews questions of statutory construction and the district court's legal conclusions de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008); *California Commercial v. Amedeo Vegas I*, 119 Nev. 143, 145, 67 P.3d 328, 330 (2003). In interpreting any statute, this court looks first to the plain language of the statute and construes the statute so as not to produce unreasonable results. *Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 641-42, 81 P.3d 532, 534 (2003). Likewise, this court reviews a grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate only where the evidence reflects no genuine issue of material fact and, as a matter of law, the moving party is entitled to judgment. *Id.*

On appeal, LVLP makes the same argument it did before the district court: if a party's efforts culminate in the sale of an interest in land, and that party does not hold a Nevada realtor license, that party is precluded from collecting any fee pursuant to NRS 645.270, regardless of the party's intent in undertaking or furthering the transaction.

We disagree. NRS 645.230 requires a real estate broker or salesperson to be licensed to conduct real estate transactions. NRS 645.270 bars a person not licensed as a real estate broker from collecting

compensation "for the performance of any of the acts mentioned in NRS 645.030. . . ." NRS 645.030 defines a real estate broker, in part, as

> a person who, for another and for compensation or with the intention or expectation of receiving compensation: (a) [s]ells, exchanges, options, purchases, rents or leases, or negotiates or offers, attempts or agrees to negotiate the sale, exchange, option, purchase, rental or lease of, or lists or solicits prospective purchasers, lessees or renters of, any real estate . . . .

NRS 645.030(1)(a). This definition focuses on the nature of the *action*, not the nature of the ultimate outcome. Moreover, the statute later exempts certain persons who do "not perform any tasks related to the sale or other transfer of an interest in real estate," further supporting that if the action was not intended to effect the transfer of real property, the actor may not fall within the definition of a real estate broker. NRS 645.030(3). Thus, only persons who act for the purpose of furthering a sale, lease, or rent contract for real property fall within the definition of real estate broker and are subject to NRS 645.270.

This comports with established Nevada law. And contrary to the district court's analysis, *Islandia* compels this conclusion.[1] There, we held that the licensing requirement will not preclude payment of a commission unless the services rendered fall within acts outlined in NRS 645.030, and that this determination rests on the individual

---

[1]The district court also erroneously relied on *Loomis*, 109 Nev. 1121, 865 P.2d 1161. That case dealt with a person who acted as a real estate agent in a real estate transaction while willfully evading the licensing scheme, and is therefore distinguished from the case at hand. *Id.* at 1127-28, 865 P.2d at 1165.

circumstances of the services. 82 Nev. at 427-28, 420 P.2d at 7. That case makes clear that a person who is not a licensed real estate broker may recover a commission where the work was not done to further or procure the sale of an interest in land but nevertheless resulted in a land sale contract. Moreover, this approach is consistent with other jurisdictions. *See Greenlake Capital, LLC v. Bingo Inv., LLC*, 111 Cal.Rptr.3d 82, 85-86 (Cal. Ct. App. 2010); *Transaction Advisory Servs., LLC v. Silver Bar Holding, LLC*, 831 N.Y.S.2d 159, 159 (App. Div. 2007); *Roberts v. Gaskins*, 486 S.E.2d 771, 775 (S.C. Ct. App. 1997); *Sheppard v. Bay Cnty. Realty, Inc.*, 465 A.2d 857, 861 (Md. 1983).

Therefore, before refusing to enforce a commission, the court must first determine whether the person's actions brought him or her within the scope of NRS 645.030. Here, the district court determined there was no genuine issue of material fact because the final agreement between LVLP and Forest City was for the sale of an interest in land, Nype claimed a commission based on that sale, and Nype was not a licensed realtor. However, the district court focused on the final transaction and did not consider whether Nype's acts fell within the scope of activities limited to real estate brokers under NRS 645.030.

Nype presented emails and affidavits suggesting that he had an agreement with LVLP to secure investors, that this agreement did not necessarily contemplate the sale of any interest in land, and that he acted to secure a contract between Forest City and LVLP for them to form a LLC. The evidence does not show whether Nype acted knowing Forest City and LVLP intended to enter into a land sale agreement or whether Nype's actions conflicted with the licensing requirement. LVLP's assertion that Nype clearly violated the statute by "'solicit[ing]' the

prospective purchaser of the property, Forest City, [by] . . . pitch[ing] Forest City on the value of the property (*i.e.*, 'selling' the property)" is not determinative. This is so because the evidence shows only that the final transaction was a land sale contract, but not that the initial work and agreements contemplated that result or that Nype engaged in specific actions reserved by NRS 645.030 to licensed real estate brokers.

Thus, genuine issues of material fact remain concerning whether Nype is entitled to compensation. At a minimum, the district court must consider whether all of Nype's actions, for which he now claims compensation, were in the scope of NRS 645.030, or whether some or all of his actions fell outside the scope of that statute. And, if Nype performed work that is not restricted to licensed realtors under NRS 645.030, questions remain concerning the formation and scope of the agreement between Nype and LVLP, the effect the contract has on other agreements between the parties and third parties, and the amount of compensation due to Nype. Accordingly, summary judgment dismissing Nype's claims was inappropriate. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc:    Hon. Ronald J. Israel, District Judge
Thomas J. Tanksley, Settlement Judge
Lewis & Roca, LLP/Las Vegas
Rice Silbey Reuther & Sullivan, LLP
Reisman Sorokac
Kemp, Jones & Coulthard, LLP
Sterling Law, LLC
Eighth District Court Clerk