### BURLINGAME *et al. v.* SHELMIRE.

(*Supreme Court, General Term, Fifth Department.* January 23, 1891.)

ACCOUNT STATED—ESTOPPEL.

> The rule that, where accounts stated are rendered to and retained without objection by the person against whom they run, they are binding on him, does not apply to an account for personal services rendered under a contract silent as to the price thereof, and the alleged debtor is not estopped by such account, though he retained it without objection.

Appeal from Monroe county court.

Action by Charles Burlingame and another against James D. Shelmire. Judgment for plaintiffs for the sum of $68.90, damages and costs, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.
*H. H. Woodward*, for appellant.  *Nathanial Foote, Jr.*, for respondents.

MACOMBER, J.  The sole contention made at the trial, and upon this appeal, in behalf of the defendant, relates to an account sent by the defendant to the plaintiffs for services in receiving and shipping fruit in behalf of the latter.  The plaintiffs, who conduct a canning factory at Fairport, N. Y., purchased, in the summer of 1887, fruits for canning, such as tomatoes, apples, and pears, of farmers in the vicinity of Brighton, with an arrangement by which such fruits should be delivered at the railroad station at the village of Brighton.  The contract with the defendant was that he should receive the goods from such farmers, measure or weigh and load them upon cars, and ship the same to the plaintiffs at Fairport.  The compensation for such services was left open and undetermined.  From time to time the plaintiffs furnished money to the defendant, amounting in all to the sum of $525.  The defendant, between the 19th day of August, 1887, and October 11th of that year, expended $323.18 of such moneys in paying the freight, and for weighing and handling fruit, and in paying in certain instances the farmers who desired advanced payments.  At the close of the business defendant had in his hands of the plaintiffs' moneys the sum of $201.82, for which sum this action was brought.  The answer alleged that on the 1st of March, 1888, the defendant rendered to the plaintiffs an account stated, wherein there was set forth all the matters between the parties up to that date, showing fully the items of the defendant's charges for services, and claiming a balance due the defendant, for which judgment was asked, in the sum of $7.75.  It was claimed, inasmuch as the plaintiffs retained this statement without making objection thereto for a year and upwards, that it thereby became an account stated between the parties.  The only matter litigated, and the only matter before us upon appeal, is the value of the defendant's services, and whether the evidence offered by the plaintiffs upon that subject was properly received under the claim made that the account so rendered, by the defendant to the plaintiffs, was an account stated, and thus binding upon the parties.  No pretense is made in behalf of the plaintiffs that any deceit was practiced by the defendant, or any evidence given that the account was fraudulent, or that the same was a result of a mutual mistake.  The general rule doubtless is that one who receives an account, and retains it without objection, will be deemed by his silence to have acquiesced in its correctness, and that it will become presumptively binding upon him.  This presumption, however, is only one relating to the evidence, and may be overcome by setting up fraud of the party rendering it, or the mutual mistake of the parties.  *Avery* v. *Leach*, 9 Hun, 106.  But the cases relating to this subject are those where an actual account has existed between the parties.  But in cases where the prices are not agreed upon, or where they are not fixed by the market, but depend solely upon personal services, the value of which is to be determined by the principle of *quantum meruit*, the general rule relating to accounts stated does not necessarily prevail.  We think the rule is not applicable to the facts disclosed in this case.  In *Williams* v. *Glenny*, 16 N. Y. 389, the plaintiff had performed services for the defendant as solicitor and proctor, and subsequently rendered a bill thereof to the defendant, in which he charged the gross sum of $150.  About eight months thereafter the plaintiff brought an action to recover the value of such services on a *quantum meruit*, and proved such value to be largely in excess of the sum charged in the bill previously rendered.  On putting in evidence the bill as rendered by the plaintiff, it was contended that the same was conclusive against the plaintiff, and the recovery should be limited to the sum then claimed.  The decision was otherwise.  The court held that there was no estoppel pleaded or proved to preclude evidence of the actual value of the services.  The question of the value of the services was held to be open to

proof as a matter of fact. In the case of *Harrison* v. *Ayers,* 18 Hun, 336, an architect had presented a bill for professional services, which was retained sufficiently long by his client to permit the principle of an account stated to be applied, provided the nature of the claim was one to which it was applicable. The bill not having been paid, an action was brought for a much larger sum than was claimed to be due according to the terms of the bill, and a recovery was had for the actual value of such services, which was considerably more than the sum charged for in the bill originally rendered. The court there held, in accordance with the principle laid down in *Williams* v. *Glenny, supra,* that the right to compensation was still open, to be controlled by the evidence concerning the actual value of the services rendered.

We have considered the other point made by the learned counsel for the appellant in respect to the actual value of the defendant's services, and we are of the opinion that the judgments of the municipal court and the county court were based upon a clear preponderance of the evidence, and that the allowance made to the defendant under his counter-claim was all that could be exacted on the principle of *quantum meruit.* The judgment appealed from should be affirmed, with costs. All concur.