(140 App. Div. 306.)

STEIN v. STEIN.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

1. ACCOUNT STATED (§ 1*)—NATURE.
      An "account stated" may consist of a single item.
      [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 1–8; Dec. Dig. § 1.*
      For other definitions, see Words and Phrases, vol. 1, pp. 93–98; vol. 8, p. 7561.]

2. ACCOUNT STATED (§ 18*)—ACTIONS—PLEADINGS—EVIDENCE.
      Where the complaint relied on an account stated consisting of a single item, and the answer denied the complaint, plaintiff could only recover on the distinct issue tendered by him, and only the items of that account could properly come before the court.
      [Ed. Note.—For other cases, see Account Stated, Dec. Dig. § 18.*]

3. PLEADING (§ 324*)—BILL OF PARTICULARS—SUFFICIENCY.
      A bill of particulars served by plaintiff, relying in his complaint on an account stated consisting of a single item, which recites that the items comprised in the account alleged to have been stated are a specified sum, for which defendant is indebted to plaintiff, complies with the order for a bill of particulars setting forth the items comprised in the account alleged to have been stated, and plaintiff is entitled to an order to compel defendant to accept service thereof.
      [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

Appeal from Special Term, New York County.

Action by Leo Stein against Jule Stein. From an order refusing to compel acceptance of a bill of particulars, served in compliance with an order directing service thereof, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Clarence M. Lewis (Ezekiel Fixman, on the brief), for appellant.
Arthur Furber, for respondent.

PER CURIAM. The complaint alleged that "on or about the 9th day of February, 1904, an account was stated between the plaintiff and the defendant, and upon such statement a balance of $36,302.85 was found due from the defendant to the plaintiff, and the defendant then and there promised and agreed to pay the said sum, but no part thereof has been paid," and demanded judgment for said sum. The answer denied each and every allegation in said complaint contained.

Defendant made a motion for a bill of particulars, which was granted by an order providing that the plaintiff serve "a bill of particulars setting forth the items comprised in the account alleged to have been stated between the parties hereto, alleged in the complaint." Thereupon the plaintiff served a bill of particulars as follows:

"The items comprised in the account alleged to have been stated between the parties hereto are as follows: The sum of $36,302.85, in which sum the defendant, Jule Stein, is indebted to the plaintiff, Leo Stein."

Said bill of particulars was returned by the attorney for the defendant on the ground that it failed to comply with the requirements of the order, and thereupon plaintiff made a motion to compel the defendant to accept the service of said bill, which motion was denied; and from the order entered upon said denial the plaintiff appeals.

The complaint alleges that an account was stated between the parties. This the defendant denies. That is the issue presented upon these pleadings. An account stated may consist of a single item. The plaintiff avers that that is the case here. If he succeeds, it must be upon the distinct issue tendered by him. If an account has been stated, the items only of that account so stated, upon the issues here presented, could properly come before the court.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant.

---

(68 Misc. Rep. 587.)

### MARSH v. RICHER.

(Onondaga County Court. August, 1910.)

1. JUSTICES OF THE PEACE (§ 111*)—TRIAL—DIRECTING VERDICT.
   A justice of the peace has no authority to direct a verdict.
   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 364; Dec. Dig. § 111.*]

2. TRIAL (§ 139*)—DIRECTING VERDICT—OPINION EVIDENCE.
   In an action by a physician for professional services, the opinions of witnesses as to the value thereof are not conclusive; but the jury may exercise its own judgment, and it is error to direct a verdict in accordance with such opinions.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 338, 339; Dec. Dig. § 139.*]

Appeal from Justice Court.

Action by Adelbert W. Marsh against Charles Richer. Judgment for plaintiff, and defendant appeals. Reversed.

Hitchcock & Murphy (Joseph Murphy, of counsel), for appellant. William Rubin, for respondent.

ROSS, J. The plaintiff, a physician, brought this action to recover for professional services in treating the wife (since deceased) of the defendant. The defendant in his answer, with other matters, alleges that the services of the plaintiff were worthless, and that the plaintiff so negligently and unskillfully conducted himself in treating the defendant's wife that she died.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.