JOHN H. COOPER, Respondent, *v.* ROLAND R. CONKLIN, Appellant.

Second Department, June 17, 1921.

Attorney and client — account sent by attorney to client for services — account stated may consist of single item for services rendered — contracts between attorney and client — Judiciary Law, § 474, construed — failure of client to reply to bill for services does not make it an account stated — proof which assignee of attorney must make.

An account sent by an attorney to his client consisting of a single item for services rendered in an action is one which, so far as its form is concerned, may, by acquiescence of the client, become an account stated.

The provision of section 474 of the Judiciary Law to the effect that the compensation of an attorney is governed by agreement, express or implied, which is not restrained by law, applies only to contracts that are made before the services are entered into, and not to those made · during the relationship of attorney and client.

As to a contract made between an attorney and his client subsequent to the employment which is beneficial to the attorney, it is incumbent upon the attorney to show that the provisions are fair and reasonable and were fully known and understood by the client.

This rule of law is applicable to a contract which is a result of the implied acceptance by the client of an account rendered by the attorney for the value of his legal services.

Accordingly, where an attorney, pending the existence of the relationship of attorney and client, renders an account to his client it does not become an account stated by the failure of the client to object thereto, and in an action thereon by the assignee of the attorney the assignee must prove not only the rendition of the bill and the client's acquiescence therein, but also that the compensation was fair and reasonable for the services

rendered and that the client had such full knowledge of the nature and extent of the services rendered him as to be capable of exercising a fair judgment as to the reasonableness of the bill.

APPEAL by the defendant, Roland R. Conklin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 25th day of January, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of February, 1921, denying defendant's motion for a new trial made upon the minutes.

*Achilles H. Kohn* [*Silas H. Dayton* with him on the brief], for the appellant.

*Harold E. Lippincott,* for the respondent.

BLACKMAR, P. J.:

The action is upon an account stated. The plaintiff's assignor was an attorney at law for the defendant in an action entitled *Conklin* v. *Shonts.* On the 27th day of April, 1920, he wrote to the defendant inclosing a bill for professional services, in the following words:

" <em>April</em> 27, 1920.

" *Conklin* vs. *Shonts*

" Roland R. Conklin

" to

" Arthur C. Hume, Dr.

" Balance due for legal services, etc., in this
action, to date........................    $2,600 00

" Received payment."

It was competent for the jury to find, and we must assume that they did so find, that defendant paid no attention to the letter or bill for five months. On September 29, 1920, the plaintiff's assignor having assigned his claim to the plaintiff, this action was brought thereon, and the complaint declared upon an account stated. Judgment went for the plaintiff, and the defendant appeals.

It has been held that in cases where prices are not agreed

upon, or where they are not fixed by the market, but depend solely upon the value of personal services to be determined on the principle of *quantum meruit*, the general rule relating to accounts stated does not necessarily prevail. (*Burlingame v. Shelmire*, 35 N. Y. St. Repr. 161; 59 Hun, 615.) This proposition seems to rest for its support on the following expression found in the opinion of *Williams* v. *Glenny* (16 N. Y. 389): " But I do not think a claim for a round sum, where the subject of the demand is one which would naturally consist of many items, is in the nature of an account." There is authority, however, that an account stated may consist of a single item. (*Stein* v. *Stein*, 140 App. Div. 306; *Little v. McClain*, 134 id. 197; *Benjamin* v. *Levy*, 176 N. Y. Supp. 454; 1 C. J. 682.) In the pending case, except for the disbursements which seem to be included in the account rendered in the letters " etc.," the claim is not one that presumably consists of a number of items. It is a claim for the value of services performed in a single action, which may properly be stated by a sum in gross, and there is no obligation upon an attorney to divide his charge and specify the amounts assigned to the several items of work in the same case. I think, therefore, that the account rendered is one which, so far as its form is concerned, may, by the acquiescence of the defendant, become an account stated. But there is an administrative rule of law growing out of the relations between plaintiff's assignor and the defendant, which prevents the affirmance of the judgment.

Contracts between an attorney and his client, which are favorable to the attorney and are made during the relationship between the parties, stand upon a different basis from ordinary contracts between persons who deal at arm's length. The provision of the Judiciary Law, section 474, to the effect that the compensation of the attorney is governed by agreement, express or implied, which is not restrained by law, applies only to contracts that are made before the services are entered into, and not to those made during the relationship of attorney and client. (*Whitehead* v. *Kennedy*, 69 N. Y. 462.) The doctrine is stated by Mr. Justice LAUGHLIN in *Boyd* v. *Daily* (85 App. Div. 581) as follows: " The general rule is that as to contracts made between the attorney and client subsequent

to the employment which are beneficial to the attorney, it is incumbent upon the latter to show that the provisions are fair and reasonable and were fully known and understood by the client." To the same effect are *Whitehead* v. *Kennedy* (*supra*); *Wood* v. *Downes* (18 Ves. Jr. 119), and *Brauer* v. *Lawrence* (165 App. Div. 8). The rule is a just one and imposes no unreasonable burden upon the attorney. The underlying reason for the rule is that the relations between attorney and client are so confidential and the client relies so fully upon his attorney for the protection of his legal rights and is by the nature of their relations so subject to the advice of the attorney that in all such contracts the attorney cannot rely upon the face of the agreement itself, but is compelled by the law to show, in addition thereto, that the contract is fair and reasonable and that the client was fully informed of all the facts which enabled him to judge its fairness and reasonableness. No reason is perceived why this rule of law is not as applicable to a contract which is a result of the implied acceptance by the client of an account rendered by the attorney for the value of his legal services, as to any other contract between them, whether written or oral. When the bill was rendered by the plaintiff's assignor, the relation of attorney and client still existed between them as to this particular litigation, and was not terminated until some twenty days thereafter. It also appears that the attorney represented the defendant in other matters pending after the rendition of the bill, the claim for compensation for which was expressly reserved in the letter which accompanied the bill rendered.

Under these circumstances it was incumbent upon the attorney to prove not only the rendition of the bill and the defendant's acquiescence therein, but also to produce evidence from which the jury might judge whether the compensation was fair and reasonable for the services rendered and whether the defendant had such full knowledge of the nature and extent of the services rendered him as to be capable of exercising a fair judgment as to the reasonableness of the bill. This evidence was not introduced by the plaintiff, and the judgment, therefore, should be reversed and a new trial granted, with costs to abide the event, and the finding of fact implied in

the verdict of the jury, that there was an account stated in the case, should be disapproved and reversed.

Judgment and order reversed and a new trial granted, with cost to abide the event.

MILLS, RICH, PUTNAM and JAYCOX, JJ., concur.

Judgment and order reversed and new trial granted, costs to abide the event.