Frank G. **NORDSTROM**, Plaintiff,

v.

**RADIO CORPORATION OF AMERICA**,
Defendant.

Civ. A. No. 8322.

United States District Court
D. Colorado.

Dec. 10, 1965.

Victor F. Crepeau, Denver, Colo., for plaintiff.

Robert H. Harry, Denver, Colo., for defendant.

ARRAJ, Chief Judge.

This matter is before the Court on defendant's motion for summary judgment. Arguments were heard by the Court on

September 3, 1965 and on December 7, 1965. At the hearing on September 3, plaintiff was represented by counsel and at the last hearing he appeared pro se. It should be noted that since the original complaint was first filed in this action, plaintiff has been represented by three sets of attorneys and he now again appears pro se; he is not trained in the law and his presentations, both oral and written, have been largely argumentative and most difficult for the Court to comprehend. Nevertheless, the Court has made a diligent effort to understand the plaintiff's position, has read the defendant's brief supporting its motion, and has given careful consideration to the arguments made by defendant's counsel. The Court also has made some independent research of the problems presented by the motion for summary judgment and is now advised in the premises.

■ Plaintiff's claim is based on alleged infringement of a copyright of a musical composition. In order for plaintiff to prevail, he must establish that the musical composition alleged to have been plagiarized was copied by the composer of the accused composition, and to establish this fact it must be shown, either directly or inferentially, that the composer of the accused composition had access to plaintiff's composition.

For the purposes of this motion, defendant admits that there is a high degree of similarity between the two compositions and also for this purpose we assume that they are nearly identical even to the extent of the accused composition duplicating plaintiff's error in introducing eight bars of new material, from the twenty-fifth to the thirty-second bars of his song, rather than only four bars needed to complete the correct metric structure. (See plaintiff's answer to defendant's interrogatories to plaintiff's No. 10.)

In support of its motion, the defendant has submitted the affidavits of Jerry Herman, the composer of the accused composition, Don Appel, associate of Herman in the creation of the Broadway Musical Show "Milk and Honey", and Joan Deary, secretary to the manager of the department of the defendant concerned with musical compositions submitted to the defendant for possible recording. The substance of the Herman and Appel affidavits is that Herman, in no way, had any access to the plaintiff's composition and, in fact, was absent from the United States from April 18, 1960 to May 16, 1960. The affidavit of Joan Deary establishes that the plaintiff's composition was in the offices of the defendant from April 27, 1960 to May 19, 1960.

Defendant contends that these affidavits, uncontroverted by any affidavit or other factual presentation submitted by plaintiff, indisputably establishes that Herman had no access to the composition of the plaintiff. In contending that Herman did have access, the plaintiff relies on the theory that such access is established upon a showing that the accused composition is identical or so similar to the alleged plagiarized composition that it would be beyond reason and logic of the Court to conclude that the accused composition was created independent of any knowledge of or access to the plaintiff's composition.

■ An examination of the affidavits submitted by the defendant discloses that there was a period of three days—May 16, 1960 to May 19, 1960—in which Mr. Herman was present in the United States at the same time the plaintiff's composition was in the files of the defendant. Resolving, as we must on a motion for summary judgment, all doubts in favor of the party against whom the motion is directed, the defendant's affidavits disclose a period of time in which the plaintiff might by a searching cross-examination establish that Herman actually gained access to the plaintiff's composition. Furthermore, the affidavit of Joan Deary does little more than assert a conclusion that there would, in her estimation, be no circumstances under which any employee could have demonstrated the plaintiff's material for Mr. Herman because of the defendant's firm policy of

keeping all such material confidential and limited to a small number of individuals. This conclusion is not proof of non-access by Mr. Herman, nor does it establish that Herman could not have gained access to the plaintiff's composition while it was held for study by the defendant.

Passing to the question of whether access can be shown indirectly from close similarity between the musical compositions involved, despite the existence of uncontradicted sworn denial of access by the defendants, the Court is directed to the often cited case of Arnstein v. Porter, 154 F.2d 464 (2d Cir.). There, the trial court faced with a situation similar to that in the case at bar granted the defendant's motion for summary judgment. The Court of Appeals reversed, and, in alluding to the question of the proof of copying, pointed out that access could, in certain circumstances, be proved by showing close similarities between the compositions involved. See also, Dorchester Music Corporation v. National Broadcasting Co., 171 F.Supp. 580 (S.D.Cal.1959). In the course of the Court's opinion in Arnstein, Judge Frank made pertinent observations concerning the propriety of summary judgments in suits of this nature, where the entire factual record was based upon the denials of the alleged plagiarizers, submitted in the form of affidavits. Faced with such a record, a Court, he cautioned, should not substitute for a normal trial a "trial by affidavit". The underlying basis for such caution was that the credibility of the declarants becomes a prime issue and the plaintiff is denied the use of the effective device of cross-examination with the result that the denials must be accepted without inspection or examination. The Court concluded by stating that, " * * * generally there should be trials in plagiarism suits." Id., 154 F.2d, at 474; and we, with the record as it stands before us at this time, agree. Accordingly it is

Ordered that the motion of the defendant for summary judgment be, and hereby is, denied.