STEVEN KAMINSKI, A MINOR, BY HIS GUARDIAN AD LITEM, STANLEY J. KAMINSKI AND STANLEY J. KAMINSKI, APPELLANTS, v. CLARE W. WOOD-BURY, HELEN C. CANNON, DELL H. ROBISON, GEORGE W. WILKINSON, GLEN C. TAYLOR, C. DONALD BROWN AND ALICK J. MACKIE, AS THE BOARD OF SCHOOL TRUSTEES OF THE CLARK COUNTY, NEVADA, SCHOOL DISTRICT; MELVIN BERGMAN; AND CLARK COUNTY SCHOOL DISTRICT, REPONDENTS.

No. 5827

December 8, 1969                    462 P.2d 45

668

*Wiener, Goldwater & Galatz* and *J. Charles Thompson,* of Las Vegas, for Appellants.

*Cromer and Barker,* of Las Vegas, for Respondent Melvin Bergman; *Bell and Morris,* of Las Vegas, for Respondent Clark County School District.

## OPINION

By the Court, BATJER, J.:

While attending an industrial arts class at a junior high school in Las Vegas, Nevada, on May 9, 1967, Steven Kaminski, one of the appellants, suffered injuries when a bowl, which was being turned, on a lathe, broke away from the lathe and struck him. At the time of the injury the instructor in charge

of the class was Melvin Bergman. Bergman's immediate superiors in the school system were informed of the accident shortly after it happened. It is uncontradicted that on October 17, 1967, the appellants mailed a notice of claim to Howard E. Barrett, Director of Administration and Ex-Officio Clerk of the State Board of Examiners, and on the same day filed a claim with the Board of County Commissioners of Clark County, Nevada. On November 29, 1967, some six months and twenty days after the accident, the appellants served a notice of claim on C. D. Brown, a member of the Board of Trustees of the Clark County School District. A claim of the appellants was rejected by Clark County on October 20, 1967, and by the school district on January 4, 1968.

On April 16, 1968, the appellants filed a complaint for damages for personal injury against the Board of Trustees of the Clark County School District and Melvin Bergman. On June 18, 1968, the respondents moved for a summary judgment. Sometime thereafter, the trial court entered its order granting summary judgment to both the board of trustees and to Melvin Bergman, however, upon a motion for reconsideration, the order for summary judgment previously granted to Melvin Bergman was vacated. Although the trial court gives no specific reason for granting the summary judgment to the school district, it is presumed that it was upon the grounds that the notice of claim was not timely filed in accordance with NRS 41.036.[1] This appeal is taken from the granting of the summary judgment.

---

[1]NRS 41.036: "1. No action shall be brought under NRS 41.031 against a county without complying with the requirements of NRS 244.245 to 244.255, inclusive, or against a city without complying with the requirements of NRS 268.020, or against an unincorporated town without complying with the provisions of NRS 269.085, or against the state or any agency or other political subdivision of the state without complying with the requirements of subsection 2 or 3 of this section.

"2. Every claim against the state arising out of contract shall be presented in accordance with the provisions of NRS 353.085 to 353.100, inclusive, and every claim for refund in accordance with the provisions of NRS 353.110 to 353.125, inclusive. Every other claim against the state or any of its agencies shall be presented to the ex officio clerk of the state board of examiners within 6 months from the time the cause of action accrues. He shall within 10 days refer each such claim to the appropriate state agency, office or officer for investigation and report of findings to the board. No action may be brought unless the board refuses to approve or fails within 90 days to act upon the claim.

"3. Every claim against any other political subdivision of the state shall be presented, within 6 months from the time the cause of action accrues, to the governing body of that political subdivision. No action may be brought unless the governing body refuses to approve or fails within 90 days to act upon the claim."

The appellants contend that the trial court erred as a matter of law when it granted summary judgment to the school district. We agree.

The plaintiffs (appellants) alleged that prior to the filing of the complaint, notice of claim, pursuant to the Nevada Revised Statutes, was duly served upon the defendant board of trustees. In their answer the respondent board of trustees deny that allegation and allege, as an affirmative defense, that "the plaintiffs have failed to meet and comply with the regulatory statutes waiving sovereign immunity of the defendants and therefore have failed to meet with conditions precedent to the filing of this action. . . ," and in their motion for summary judgment alleged that "plaintiffs had failed to present a claim to the governing body of the defendant Clark County Nevada School District, a political subdivision of the State of Nevada, within six (6) months after the alleged cause of action accrued as required by statute."

The affidavit of C. Donald Brown, a member of the board of trustees, merely states that he was served on behalf of the appellants on November 29, 1967, with a notice of claim.

The letter dated January 5, 1968, from the school district, to the appellants, and the document attached thereto advised the appellants that the claim on behalf of Steven Kaminski was denied. It does not indicate when the claim was received or if more than one claim had been received. Nothing was offered in the nature of affidavits, depositions or exhibits which would go to prove that a notice of claim on behalf of the appellants was not presented to the board of trustees within six (6) months of the accrual of their cause of action.

On the other hand, the affidavit of J. Charles Thompson, given on behalf of the appellants, alleges that on October 17, 1967, he mailed to Howard E. Barrett, ex-officio clerk of the state board of examiners, a notice of claim. The law requires that the ex-officio clerk refer the claim to the appropriate state agency, office or officer.

Although a board of trustees of a county school district is not a state agency, it is a reasonable presumption that the ex-officio clerk received the notice of claim (NRS 52.070), and a reasonable inference that he referred it to the board of trustees.

Whether the board of trustees received the appellants' claim before November 9, 1967, is an important question of fact which must be decided before summary judgment can be sustained. The record is silent on this question.

NRS 41.036 only requires that the notice of claim be timely

'presented' and does not make any specific requirement as to how or by whom the presentation is to be made.

The court hearing the motion for summary judgment should view the evidence most favorable to the party against whom it is directed, giving it full weight and resolving all doubt in his favor and giving to that party the benefit of all favorable inferences that may reasonably be drawn from the subsidiary facts contained in the affidavits, exhibits and depositions on file. Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492 (1954); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963); United States v. Diebold, Inc., 369 U.S. 654 (1962); Ramsouer Midland Valley R. Co., 135 F.2d 101 (1943); Allison v. Mennonite Publications Board, 123 F.Supp. 23 (1954); Nordstrom v. Radio Corporation of America, 251 F.Supp. 41 (1965); Boro Hall Corp. v. General Motors Corp., 68 F.Supp. 589 (1946).

An examination of the record in the light most favorable to the appellants leads us to believe that inferences contrary to those drawn by the trial court are permissible.

Should it develop that the board of trustees did in fact receive the appellants' claim from H. E. Barrett or the board of county commissioners of Clark County, on or before November 9, 1967, then there is substantial compliance with NRS 41.036. Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969).

The order of the trial court is reversed and the case is remanded for further consideration of the respondents' motion for summary judgment with full opportunity for all parties to establish whether or not the board of trustees of the Clark County School District was presented with the appellants' notice of claim on or before November 9, 1967.

ZENOFF and MOWBRAY, JJ., concur.

THOMPSON, J., with whom COLLINS, C. J., agrees, dissenting:

The relevant requirements of NRS 41.036(1) and (3) were not met. The record does not reflect that the plaintiffs presented a claim to the governing body of the school district or to one of its members [cf. Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969)] within six months from the time their cause of

action accrued. Indeed, the record shows that the claim to the school district was presented late. The presentation of claims to state and county boards who are powerless to act upon them cannot be deemed compliance of any description, substantial or otherwise. Neither is it permissible to infer that such claims may have been forwarded by those boards to the governing body of the school district since a precondition to one's right to sue must be shown to exist. It is not to be inferred. Summary judgment was proper.