OLD WEST ENTERPRISES, INC., APPELLANT, v. RENO ESCROW COMPANY, RESPONDENT.

No. 6181

October 29, 1970 — 476 P.2d 1

*Wilbur H. Sprinkel,* of Reno, for Appellant.

*Richards & Demetras,* of Reno, for Respondent.

# OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order of the district court granting summary judgment to respondent-plaintiff, Reno Escrow Company, who had commenced an action against appellant-defendant, Old West Enterprises, Inc., to recover $6,836.89 on an alleged account stated for legal services received by Old West over a 5-year period.[1]

Reno Escrow filed its complaint in district court on November 17, 1969, and its motion for summary judgment on December 10, 1969, accompanied by the attorney's supporting affidavit, which set forth in detail the legal services performed, fees charged, and statements rendered, to which, affiant claimed, Old West did not object.

Old West answered the complaint on December 15, 1969, and on December 22, 1969, responded to the motion for summary judgment by filing three counteraffidavits that challenged the propriety of the charges on the grounds that the $6,836.89 figure was excessive and that, further, the affiants had, during the period of the billings, questioned the attorney "regarding the propriety, justifiability and excessiveness of the legal charges."

On December 30, 1969, the district judge entered an order granting summary judgment in favor of Reno Escrow. Hence this appeal.

1. *The Summary Judgment.*

---

[1]The attorney who had performed the services had assigned his claim to Reno Escrow Company for collection.

This court has ruled that the trial court may grant summary judgment only when the proofs received show that there is no genuine issue as to any material fact. Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970). Further, as this court said in Kaminski v. Woodbury, 85 Nev. 667, 671, 462 P.2d 45, 48 (1969):

"The court hearing the motion for summary judgment should view the evidence most favorable to the party against whom it is directed, giving it full weight and resolving all doubt in his favor and giving to that party the benefit of all favorable inferences that may reasonably be drawn from the subsidiary facts contained in the affidavits, exhibits and depositions on file." [Citations omitted.]

The reason for these rules is that a litigant has a right to a trial on the merits of his case unless there is no genuine issue of fact to be determined by the judge or jury. Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963).

2. *The Account Stated.*

An account stated may be broadly defined as an agreement based upon prior transactions between the parties with respect to the items composing the account and the balance due, if any, in favor of one of the parties. To effect an account stated, the outcome of the negotiations must be the recognition of a sum due from one of the parties to the other with a promise, express or implied, to pay that balance. The amount or balance so agreed upon constitutes a new and independent cause of action. The genesis of an account stated is the *agreement* of the parties, express or implied.

Reno Escrow argues that implication of acceptance of the account rendered in this case may be drawn from its retention without objection by Old West.[2] To give an account rendered the force of an account stated because of silence on the part of the one receiving the account, the circumstances must be such as to support an inference of agreement as to the correctness of the account. Such an inference may be rebutted. As the court said in Karnofsky v. 4548 Main St., Inc., 192 N.Y.S.2d 577 (N.Y.App. 1959), at 582:

"Where the terms of an oral contract between bitterly disputing parties are in issue, a trial is the only remedy. . . .

[2]Although the counteraffidavits tendered by Old West assert that the statements were challenged.

". . . Although a sum due for attorney's services may properly be the subject of an account stated, the omission to object to an account rendered raises only a rebuttable inference that the debtor consents to such account, giving rise to a triable issue; . . . In such a case, the value of the professional services rendered and the amount thereof unpaid are to be assessed before a jury. . . ."

The reason back of the rule is well expressed in Cooper v. Conklin, 189 N.Y.S. 552, 553 (N.Y.App. 1921):

"The rule is a just one, and imposes no unreasonable burden upon the attorney. The underlying reason for the rule is that the relations between attorney and client are so confidential, and the client relies so fully upon his attorney for the protection of his legal rights, and is by the nature of their relations so subject to the advice of the attorney, that in all such contracts the attorney cannot rely upon the face of the agreement itself, but is compelled by the law to show, in addition thereto, that the contract is fair and reasonable, and that the client was fully informed of all the facts which enabled him to judge its fairness and reasonableness."

Since the proofs received present a material factual issue that must be resolved by the trier of the facts, the order granting summary judgment must be reversed. It is so ordered, and the case is remanded to the district court for a trial on the merits.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.