Jacob Markowitz, J.
The plaintiffs move for summary judgment in lieu of a complaint (CPLR 3213) for recovery of $16,973.80 predicated upon an account stated. The plaintiffs are attorneys and the specified account is composed of 28 monthly statements forwarded to the defendant from September 15, 1969 to December 8, 1971, while the defendant was a client of the plaintiffs. A digest of these statements indicates that the defendant has paid substantial sums pursuant to these statements, i.e. $31,606.52, and the plaintiffs now seek to recover the balance allegedly due. This digest also reveals that the plaintiffs made certain revisions of statements.for the months of April, May and December, 1970, which revisions are characterized in the plaintiffs ’ reply affidavit as ‘ ‘ revisions * * * made to accommodate a client ”. The plaintiffs also allege in this affidavit that “ there can be no question that the plaintiffs’ statements constituted an account stated, and defendant’s contentions going to the underlying transactions are invalid ”. The defendant, in opposition to the motion, claims that certain of the services rendered by the plaintiffs, for which payment is now sought, were rendered to the defendant’s subsidiaries, and the defendant is not responsible for the obligations of these subsidiaries. The defendant also claims that certain overcharges were made by the plaintiffs and accordingly the relief sought should not be granted.
With regard to the plaintiffs’ contention that the underlying transactions are irrelevant, in view of their reliance on an account stated, the court noted in Cooper v. Conklin (197 App. Div. 205) where an attorney also sought to recover from a *347 client based on an account stated (p. 208): “When the bill [relied upon] was rendered * * * the relation of attorney and client still existed * * * and was not terminated until some twenty days thereafter. It also appears that the attorney represented the defendant in other matters pending after the rendition of the bill, the claim for compensation for which was expressly reserved in the letter which accompanied the bill rendered.
1 ‘ Under these circumstances it was incumbent upon the attorney to prove not only the rendition of the bill and the defendant’s acquiescence therein, but also to produce evidence from which the jury might judge * * * whether the defendant had such full knowledge of the nature and extent of the services rendered him as to be capable of exercising a fair judgment as to the reasonableness of the bill.” In Cooper v. Conklin (supra) only one bill was involved. In the instant proceeding the statements in question represent not only services allegedly rendered over a period of more than two years, but what obviously must have been a close and confidential relationship between the parties herein.
As noted in 13 ALB 3d 722 (Attorney’s Compensation— Contract, § 7): “ In determining the enforceability of an account stated between an attorney and his client during the existence of the attorney-client relationship, the courts have generally treated such accounts stated as analogous to ordinary contracts and held them subject to the same general rules that govern the validity of fee contracts made during the existence of an attorney-client relationship.”
Thus it remains for the plaintiffs to establish that no undue advantage was taken of the defendant, that the defendant was fully informed prior to agreeing to the account and that the account was fair (Cooper v. Conklin, 197 App. Div. 205, supra; Brauer v. Lawrence, 165 App. Div. 8; Rupp v. Cool, 147 Col. 18). In the absence of such a showing, the plaintiffs are not entitled to the relief sought, and the motion is accordingly denied.