LEONARD R. SAYE, Appellant, *v.* PARADISE MEMORIAL GARDENS, INC., Respondent.

No. 8314

September 8, 1976                                554 P.2d 274

527

*Galane & Tingey,* Las Vegas, for Appellant.

*R. L. Gilbert* and *Johnson & Pilkington,* Las Vegas, for Respondent.

## OPINION

*Per Curiam*:

Appellant sought recovery for promissory notes due and owing, goods and services rendered, and damages for breach of contract. Upon proper motions, the district court dismissed all three claims, except that portion of appellant's claim for goods and services pertaining to deferred commissions. Appellant here contends those dismissals were in error. We disagree.

1. Appellant contends it was error to dismiss his claim based upon seven promissory notes because those notes were

not barred by the six-year statute of limitations prescribed by NRS 11.190.[1] Appellant argues that statute was tolled, pursuant to NRS 11.390, by an acknowledgment in the form of an affidavit signed by respondent's president.[2] However, the affidavit neither directly, distinctly and unqualifiedly admits nor manifests any willingness or intent to pay the debt, and thus is insufficient to satisfy the mandate of NRS 11.390. See: Western Coal Mining Co. v. Jones, 167 P.2d 719 (Cal. 1946).

2. Appellant next contends his claim for goods and services rendered was not barred by the four-year statute of limitations of NRS 11.190, because that limitation was tolled by an alleged "account stated" prepared by appellant. We have previously held that the genesis of an account stated is the express or implied agreement of the parties concerning the amount of the account. Old West Enterprises, Inc. v. Reno Escrow Company, 86 Nev. 727, 476 P.2d 1 (1970). Here, appellant purportedly submitted a document entitled "Statement of Account" to respondent demanding reimbursement for goods and services rendered, and no agreement, express or implied, regarding the obligation, nor the amount thereof, is apparent to us from the record. Thus, except for the deferred commissions, appellant's claim is barred by the four-year statute of limitations.

---

[1]NRS 11.190 provides in pertinent part:

"Actions other than those for the recovery of real property, unless further limited by NRS 11.205 or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:

"1. Within 6 years:

"(a) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States.

"(b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter.

"2. Within 4 years:

"(a) An action on an open account for goods, wares and merchandise sold and delivered.

"(b) An action for any article charged in a store account.

"(c) An action upon a contract, obligation or liability not founded upon an instrument in writing."

[2]NRS 11.390 provides:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless the same be contained in some writing signed by the party to be charged thereby, except as provided in NRS 11.200."

3. Finally appellant contends respondent breached a written contract entered into by the parties. That contract was an exclusive listing contract for the sale of cemetery lots and, as such, fell within the purview of NRS 645.320.[3] However, the contract, having no definite, specified and complete date of termination, fails to satisfy the requirements of NRS 645.320, and thus is unenforceable. Bangle v. Holland Realty Inv. Co., 80 Nev. 331, 393 P.2d 138 (1964).

Affirmed.

---

[3]NRS 645.320 provides:

"Every exclusive listing shall:

"1. Be in writing.

"2. Have set forth in its terms a definite, specified and complete termination.

"3. Contain no provision requiring the person signing such listing to notify the real estate broker of his intention to cancel the exclusive features of such listing after such expiration date.

"4. Be signed by both the listing property owner or his duly authorized representative and the listing agent or his duly authorized representative in order to be enforcible."