Warren C. McGILL, Plaintiff,

v.

CITY OF OTTAWA, Defendant.

Civ. A. No. 90–4089–S.

United States District Court,
D. Kansas.

Sept. 19, 1991.

Melody Ann Cathey, Topeka, Kan., for plaintiff.

James D. Conkright, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., John L. Richeson, Anderson, Byrd & Richeson, Ottawa, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the plaintiff's request for review of attorneys' fees. Jurisdiction over this action arises under 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 216(b), and 42 U.S.C. §§ 1983 and 1988.

In his complaint, plaintiff contends that he was unlawfully discriminated against because he previously filed and pursued a claim under the Fair Labor Standards Act and because he exercised his rights of free speech and freedom of association. According to representations made to the court, the parties have settled this case;[1] the sole remaining issue involves a dispute between the plaintiff Warren C. McGill ("plaintiff" or "McGill") and his attorneys in regard to what portion of the settlement agreement is owed to his attorneys. Plaintiff McGill has filed a motion for judicial review of attorneys' fees pursuant to a stipulation contained in the contractual agreement entered into by plaintiff and his attorneys.[2] Plaintiff's attorneys have filed a cross motion for approval of attorneys' fees. The court has considered the submissions of the parties and is prepared to rule.

■ Upon consideration of plaintiff's motion and applicable law, the court finds that plaintiff's motion should be granted. As an initial matter, the court finds that it retains ancillary jurisdiction to determine the amount of legal fees owed by McGill to his attorneys with respect to the work done in the instant litigation. *See Garrick v. Weaver*, 888 F.2d 687, 690 (10th Cir.1989); *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir.1982). Further, federal courts have inherent jurisdiction to supervise the bar and to "examine confirmation with the reasonable standard of the Code of Ethics." *Rosquist v. Soo Line R.R.*, 692 F.2d 1107, 1111 (7th Cir.1982); *In re Michaelson*, 511 F.2d 882, 888 (9th Cir.), *cert. denied*, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975). Ultimately, courts have a stake in fee contracts because the fairness of the terms reflects directly on the court and its bar. *Rosquist*, 692 F.2d at 1111. The acceptable standard for attorneys' fees is reasonableness. *Id.* at 1112. Moreover, "[a]nalysis of the fee-contract's reasonableness is not limited to the face of the contract." *Id.* at 1113 (citing *Dunn v. H.K. Porter Co.*, 602 F.2d 1105, 1110 (3d Cir.

---

1. The court notes that, as of this date, no order of dismissal has been filed.

2. This clause states, "I understand that I can apply for judicial review and approval of fee agreements if I desire."

1979)). Finally, it is not inappropriate to compare the potential hourly award (under the contingent contract) to both the customary contingency percentage and the customary fixed-fee rate for a similar case. *Id.* at 1114.

■ Plaintiff entered into two separate contracts with his attorneys. The first was entered into on January 17, 1990. Plaintiff's motion for review of attorneys' fees, exhibit A. In this contract, the plaintiff agreed to pay a retainer of $1,000 and to thereafter pay his attorneys $65 per hour. Plaintiff further agreed to advance $50 to cover litigation expenses upon the execution of the contract. Subsequently, on May 7, 1990, plaintiff entered into a contingency fee contract with the same law firm in which he agreed to pay a retainer fee of $3,000 plus:

40% of any recovery, if prior to filing suit;

40% of any recovery, if prior to pretrial conference;

45% of any recovery, if after the first trial begins;

50% of any recovery, if after appeal or second trial begins.

Plaintiff's Motion for Review of Attorney's Fees, Exhibit D. In addition, this contract provided that plaintiff would pay an advance of $500 to cover expenses upon the execution of the contract.[3]

Thus, pursuant to the terms of the two contracts and the exhibits submitted by the plaintiff and his attorneys, plaintiff has paid $4,000 in retainer fees and $550 in advances for expenses prior to entering the settlement agreement with the defendant. The parties have allegedly settled this dispute for $45,000. Therefore, according to the terms of the contract, after subtracting the remaining amount owed for expenses, $347.77, McGill's attorneys would receive $17,861.29 or 40 percent of the settlement, in addition to the $4,000 already paid in retainer.

In attempting to resolve the instant dispute, plaintiff's attorneys have agreed to reduce the contingency fee portion of the settlement fund to $15,000 and to forgive another debt which allegedly is outstanding.[4] Accordingly, plaintiff's attorneys would receive the $4,000 paid out in retainer plus $15,000 from the settlement agreement for a total amount of $19,000, and plaintiff would recover $30,000 from the settlement agreement.

■ In determining whether the terms of the attorneys' fees are fair, a high contingency fee is appropriate where the risk of nonrecovery rests with the attorney. *See Rosquist,* 692 F.2d at 1114. In this case, plaintiff's attorneys were paid $4,000 in retainer fees prior to entering the contingency agreement. Additionally, plaintiff had advanced $550 to cover litigation expenses. Thus, plaintiff's attorneys' risk of loss in the event of nonrecovery on plaintiff's claims was much less than in the normal contingency fee arrangement where the risk of nonrecovery is primarily borne by the attorney. Further, the parties entered into a contingency contract in which plaintiff was to pay an additional retainer fee of $3,000 over and above the 40 percent contingency fee from his ultimate recovery. Thus, pursuant to the terms of the contract, plaintiff is not to

---

**3.** Some courts have held that a fee agreement modified to increase an attorney's compensation after the attorney is employed is unenforceable if it is not supported by new consideration. *See e.g., Perez v. Pappas,* 98 Wash.2d 835, 841, 659 P.2d 475 (1983). Further, in determining enforceability, attorneys must establish that no undue advantage was taken of the client, that the client was fully informed and that the modification was fair. *See Rabin v. Faim Information Serv., Inc.,* 333 N.Y.S.2d 561, 70 Misc.2d 346 (1972). *See generally* Annot., Validity and Effect of Contract for Attorney's Compensation Made After Inception of Attorney–Client Relationship, 13 A.L.R.3rd 701 (1991). While the court notes that the subject contract contains a provision which states that plaintiff was not coerced or under duress, the court cannot determine that plaintiff was not taken advantage of when entering into the modification. However, because the court finds that the second contract which provides for $3,000 in retainer plus a 40 percent contingency fee is invalid on its face, the court need not reach this issue.

**4.** Plaintiff's attorneys have not submitted any documentation for these additional debts which are allegedly owed.

receive credit for the $4,000 paid out in retainer to his attorneys.

 The court finds the above contractual arrangement to be excessive, and thus, unenforceable. Accordingly, the court will exercise its equitable jurisdiction and reform the fee contract as follows. Plaintiff should be given credit for the amount of money he has already paid to his attorneys when the percentage of the settlement agreement is paid. Thus, the amount paid in advance by plaintiff in attorneys' fees should be subtracted from the contingency fee. Further, the court notes that the records of plaintiff's attorneys do not reflect the advances for costs paid by plaintiff in the amount of $550. Thus, the court finds that the $347.77 which allegedly remains to be paid by plaintiff should not be deducted from the settlement fund because the court cannot determine whether the plaintiff has already paid this amount, or if he is in fact owed a refund of the difference between $550 and $347.77. Finally, the court finds that the contractual provision that plaintiff's attorneys be paid 40 percent of any recovery prior to the pretrial conference is excessive. The court bases this finding upon the amount of work performed by plaintiff's attorneys, as reflected by the court file and the submissions of plaintiff which indicate that his case was passed from one attorney to another, and that the plaintiff was not adequately informed of the management of his case.[5] The court finds that a 33.33 percent recovery would be more reasonable in view of the foregoing. Accordingly, the court finds that a contingency fee of 33.33 percent, or $15,000, of the settlement fund should be paid to plaintiff's attorneys. Further, the court finds that plaintiff should be credited $4,000 for the amount previously paid to his attorneys as retainer fee. Thus, the court finds that of the settlement fund, plaintiff owes his attorneys $11,000.

IT IS BY THE COURT THEREFORE ORDERED that the plaintiff's motion for judicial review of attorneys' fees is granted as specifically set forth above.

IT IS FURTHER ORDERED that Phelps–Chartered and Melody Cathey's motion for judicial approval of attorneys' fees is denied.

---

**5.** The court further notes that while plaintiff's attorneys represent that they have spent nearly 200 hours in the preparation of plaintiff's case, they have not submitted to the court any time records to substantiate this contention. In addition, upon comparing what fees would be owed under the first contract which contained a fixed-fee rate and what is owed under the second, the court finds that the second contract provides for a substantially larger fee than the original. Pursuant to the original fixed-fee contract, plaintiff's attorneys were to be compensated at a rate of $65 per hour. Thus, if his attorneys spent approximately 200 hours on the preparation of his case, they would be entitled to fees in the amount of $13,000. However, plaintiff should be credited for the $4,000 he advanced in retainer. Accordingly, plaintiff would owe approximately $9,000 under a fixed-fee arrangement as originally contemplated by the plaintiff and his attorneys.